## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: HAIR RELAXING MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>Master Docket No. 1:23-cv-00818<br>Hon. Mary M. Rowland |
| TAWANNA WEEKS,<br><br>                    Plaintiff<br><br>v.<br><br>AFAM Concept, Inc. d/b/a JF Labs, Inc.; Avlon Industries; L'Oréal USA, Inc.; L'Oréal USA Products, Inc.; SoftSheen- Carson LLC; McBride Research Laboratories, Inc.; Namaste Laboratories LLC; Revlon Consumer Products Corporation; Revlon Group Holdings LLC; Revlon, Inc.; Godrej SON Holdings, Inc.; and Strength of Nature, LLC,<br><br>                    Defendants. | **DEFENDANT L'ORÉAL USA'S ANSWER TO PLAINTIFF'S SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Civil Action No. 1:23-cv-05488 |

Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., and SoftSheen-Carson LLC (collectively, "L'Oréal USA"), by and through counsel, hereby respond to Plaintiff Tawanna Weeks's ("Plaintiff") Short-Form Complaint (the "Complaint") as follows:

## PRELIMINARY STATEMENT

L'Oréal USA incorporates by reference the following matters into its response to each paragraph of the Complaint:

L'Oréal USA submits this Answer and Defenses on its own behalf only. To the extent allegations are directed to "Defendants" collectively, L'Oréal USA responds solely on its own behalf. Except as otherwise expressly stated herein, L'Oréal USA expressly denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered

paragraphs, headings, subheadings, footnotes, exhibits, or otherwise.

L'Oréal USA denies that its hair relaxers are or were defective or harmful and further denies that any action or omission of L'Oréal USA caused or contributed to any alleged injury purportedly suffered by Plaintiffs. L'Oréal USA expressly reserves and does not waive the right to amend and supplement this Answer, including to assert any counterclaims or cross-claims or modify its defenses, as may be appropriate or necessary, consistent with applicable rules and the Court's orders.

<div align="center">

**ANSWER**

</div>

Responding to the specific allegations of the numbered paragraphs in Plaintiff's Complaint, L'Oréal USA further responds as follows:

1. Plaintiff/Injured Party/Decedent (hereinafter, "Plaintiff") incorporates by reference Plaintiffs' Master Long Form Complaint in *In Re: Hair Relaxer Marketing, Sales Practices and Products Liability Litigation*, MDL 3060, filed as of May 15, 2023, as Document Number 106.

**ANSWER:**

L'Oréal USA reasserts and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 281 of its Answer to Plaintiff's Master Long Form Complaint and Demand for Jury Trial, as well as its affirmative defenses asserted thereto. L'Oréal USA denies that its hair relaxer products are defective in any manner and further denies that any of its products were the proximate cause of Plaintiff's purported injuries. L'Oréal USA further denies Plaintiff's alleged injuries were caused by any act or omission of L'Oréal USA, or that L'Oréal USA bears any liability under the claims or causes of action asserted, or that Plaintiff is entitled to relief under any of the claims or causes of action asserted in the Complaint. To the extent paragraph 1 refers to allegations concerning products not sold by L'Oréal USA, Inc., L'Oréal

USA Products, Inc., or Soft Sheen-Carson, LLC, L'Oréal USA lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore denies them. Except as expressly admitted herein, L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

2.      Plaintiff, <u>Tawanna Weeks</u>, files this Complaint pursuant to CMO No. 2 and is to be bound by the rights, protections and privileges, and obligations of that CMO and other Orders of the Court. Further, in accordance with CMO No. 2, Plaintiff hereby designates the <u>USDC Southern District of Ohio, Columbus Division</u> as Plaintiff's designated venue ("Original Venue"). Plaintiff makes this selection based upon one (or more) of the following factors (please check the appropriate box(es)):

☒      Plaintiff currently resides in <u>Canal Winchester, OH</u> (City/State);

☐      Plaintiff purchased and used Defendant(s)' products in the _____ (City/State);

☐      The Original Venue is a judicial district in which Defendant _____ resides, and all defendants are residents of the State in which the district is located (28 U.S.C. § 1391(b)(1));

☐      The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, specifically (28 U.S.C. § 1391(b)(2)):

☐      There is no district in which an action may otherwise be brought under 28 U.S.C. § 1391, and the Original Venue is a judicial district in which Defendant _____ is subject to the Court's personal jurisdiction with respect to this action (28 U.S.C. § 1391(b)(3));

☐      Other reason (please explain): _____.

**<u>ANSWER:</u>**

L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2 so as to admit or deny them, and on that basis, denies them.

3.      For purposes of diversity jurisdiction, Plaintiff is a citizen of <u>OH</u>

(State/Territory).

**<u>ANSWER:</u>**

L'Oréal USA is without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in paragraph 3 so as to admit or deny them, and on that basis,

denies them.

4.      Plaintiff is suing the following Defendants, and for purposes of diversity, whose

State of Incorporation/Formation and Principal Place of Business is as follows:

| Check All Applicable Defendants | Defendant | State of Incorporation or Formation | Principal Place of Business |
|---|---|---|---|
| ☒ | AFAM Concept, Inc. dba JF Labs, Inc. | Illinois | Illinois |
| ☒ | Avlon Industries | Illinois | Illinois |
| ☐ | Beauty Bell Enterprises LLC f/k/a House of Cheatham, Inc. | Georgia | Georgia |
| ☐ | Dabur International Ltd. | Isle of Man | Dubai |
| ☐ | Dabur International USA Ltd. | India | Illinois |
| ☐ | Dermoviva Skin Essentials, Inc. | Delaware | New Jersey |
| ☒ | Godrej SON Holdings, Inc. | Georgia | Georgia |
| ☐ | House of Cheatham LLC | Delaware | Georgia |
| ☒ | L'Oréal USA, Inc. | Delaware | New York |
| ☒ | L'Oréal USA Products, Inc. | Delaware | New York |
| ☐ | Luster Products, Inc. | Illinois | Illinois |
| ☒ | McBride Research Laboratories, Inc. | Georgia | Georgia |
| ☒ | Namaste Laboratories LLC | Illinois | Illinois |
| ☒ | Revlon Consumer Products Corporation | Delaware | New York |
| ☒ | Revlon Group Holdings LLC | Delaware | Delaware |
| ☒ | Revlon, Inc. | Delaware | New York |
| ☒ | SoftSheen-Carson LLC | New York | New York |
| ☒ | Strength of Nature, LLC | Georgia | Georgia |
| ☐ | Other (Please identify) | | |
| ☐ | Other (Please identify): | | |
| ☐ | Other (Please identify): | | |

**ANSWER:**

L'Oréal USA admits that L'Oréal USA, Inc. is a corporation incorporated in Delaware with its principal place of business in New York; that L'Oréal USA Products, Inc. is a corporation incorporated in Delaware with its principal place of business in New York; and that SoftSheen-Carson LLC was a New York limited liability company. Other than expressly admitted herein, L'Oréal USA denies the balance of the allegations made in paragraph 4.

<div align="center">

**CASE SPECIFIC FACTS REGARDING**
**HAIR RELAXER PRODUCT USE AND INJURIES**

</div>

5. Upon information and belief, Plaintiff began using hair relaxer products on or about the following date: <u>1982</u> and if applicable, stopped using hair relaxer products on or about the following date: <u>2013</u>.

**ANSWER:**

L'Oréal USA denies that Plaintiff's purported injuries were in any way caused by her alleged use of hair relaxer products. L'Oréal USA denies that it made any misrepresentations. L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis, denies them.

6. Upon information and belief, Plaintiff used the following hair relaxer product(s), which Plaintiff contends caused and/or contributed to their injury(ies) and brings claims against the following Defendants:

| <div align="center">**Defendant**</div> | <div align="center">**Product List (Select All Applicable Products)**</div> |
|---|---|
| AFAM Concept, Inc. d/b/a JF Labs, Inc. | ☒ Hawaiian Silky  - Crème Conditioning No Lye Silky Smooth Sheen Relaxer<br>☒ Hawaiian Silky  - Herbal No Lye Conditioning Relaxer System with Tea Tree & Avocado Oil - 2 Applications<br>☐ Vitale - Olive Oil Anti-Breakage Relaxer No Base with Shea Butter - Regular Strength |

<div align="center">5</div>

| | |
|---|---|
| | ☐ Vitale Pro – New Texture Salon Exclusive Hair Relaxer<br>☐ Vitale - New Texture Salon Exclusive Hair Relaxer with Oatmeal Protein<br>☐ Vitale - Life and Body - Hair Relaxer with Aloe Vera - Smooth Silky Texture<br>☐ Other (please specify): |
| Avlon Industries, Inc. | ☐ Affirm Crème Relaxer<br>☒ Affirm Sensitive Scalp Relaxer<br>☐ Affirm Dry & Itchy Scalp Relaxer<br>☐ Affirm FiberGuard Conditioning Crème Relaxer<br>☐ Affirm FiberGuard Sensitive Scalp Conditioning Relaxer<br>☐ Other (please specify): _____ |
| Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc. | ☐ Africa's Best Herbal Intensive No-Lye Relaxer System<br>☐ Originals by Africa's Best Originals Olive Oil Conditioning Relaxer<br>☐ Organics by Africa's Best Olive Oil Conditioning Relaxer System with Extra Virgin Oil<br>☐ Originals by Africa's Best Kids Originals Natural Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Organic Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Natural Conditioning Relaxer System<br>☐ Texture My Way Men's Texturizing Kit<br>☐ Texture My Way Women's Texturizing & Softening System<br>☐ Other (please specify): |
| House of Cheatham, LLC | ☐ Africa's Best Herbal Intensive No-Lye Relaxer System<br>☐ Originals by Africa's Best Originals Olive Oil Conditioning Relaxer<br>☐ Organics by Africa's Best Olive Oil Conditioning Relaxer System with Extra Virgin Olive Oil<br>☐ Originals by Africa's Best Kids Originals Natural Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Organic Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Natural Conditioning Relaxer System<br>☐ Texture My Way Men's Texturizing Kit<br>☐ Texture My Way Women's Texturizing & Softening System<br>☐ Other (please specify): |
| L'Oréal USA, Inc./L'Oréal USA Products, Inc./ SoftSheen-Carson LLC | ☐ Dark and Lovely Beautiful Beginnings No-Mistake Smooth Relaxer<br>☐ Dark and Lovely Beautiful Beginnings No Mistake Curl Softener |

| | |
|---|---|
| | ☒ Dark and Lovely Healthy Gloss 5 Shea Moisture No Lye Relaxer<br>☐ Dark and Lovely Triple Nourished Silkening Relaxer<br>☒ Optimum Salon Haircare Defy Breakage No-Lye Relaxer<br>☐ Optimum Salon Haircare Amla Legend Relaxer<br>☐ Optimum Care Bodifying Relaxer<br>☐ Optimum Multi-Mineral Reduced pH Crème Relaxer<br>☐ Bantu No Base Relaxer<br>☐ Ultra Precise No-Lye Conditioning Relaxer<br>☐ Mizani Butter Blend Relaxer<br>☒ Mizani Butter Blend Sensitive Scalp Relaxer<br>☐ Mizani Butterblend Prosolvent Relaxer<br>☐ Mizani Classic Rhelaxer<br>☐ Mizani Sensitive Scalp Rhelaxer<br>☐ Care Free Curl – Cold Wave Chemical Rearranger Super Strength<br>☐ Look of Radiance Permanent Crème Relaxer Kit<br>☐ Other (please specify): |
| Luster Products Company | ☐ Luster's Pink Oil Moisturizer No-Lye Conditioning Relaxer<br>☐ Luster's Pink Oil Moisturizer Short Looks Texturizer<br>☐ Luster's Pink Oil Moisturizer Smooth Touch Relaxer<br>☐ PCJ Kit<br>☐ PCJ No Lye Kit – Adult<br>☐ PCJ No Lye Kit - Children's<br>☐ ShortLooks Colorlaxer Diamond Black<br>☐ ShortLooks Colorlaxer Passion Red<br>☐ ShortLooks Colorlaxer Sable Brown<br>☐ Other (please specify): |
| McBride Research Laboratories | ☐ Design Essentials Honey Nectar Relaxer Kit - Time Release Regular<br>☒ Design Essentials Sensitive Scalp Relaxer System<br>☐ Design Essentials Regular Conditioning Relaxer<br>☐ Other (please specify): _____ |
| Namaste Laboratories | ☐ ORS Olive Oil Built-In-Protection No-Lye Relaxer – Full Application<br>☒ ORS Olive Oil No-Mix Salon Formula Crème Relaxer<br>☐ ORS Olive Oil Ultra Nourish Crème Hair Relaxer<br>☐ ORS Olive Oil Built-In-Protection No-Lye Relaxer – New Growth<br>☐ ORS Olive Oil Zone Relaxer – Targeted Touch-Up No-Lye Hair Relaxer<br>☐ ORS Olive Oil Curl Stretching Texturizer<br>☐ ORS Olive Oil Crème on Crème Touch-Up No-Lye Hair |

| | |
|---|---|
| | Relaxer<br>☐ ORS Olive Oil Mild Touch Relaxer with 60% Lower Chemical<br>☐ ORS Olive Oil Texlax and Stretch Semi-Straightening System<br>☐ ORS Olive Oil Girls Built-In Protection Plus No-Lye Conditioning Hair Relaxer System<br>☐ ORS Olive Oil Girls Soft Curls No-Lye Crème Texture Softening System<br>☐ ORS HAIRepair No-Lye Conditioning Relaxer System with Cuticle Shield<br>☐ ORS Olive Oil Professional No-Lye Relaxer Kit<br>☐ ORS Olive Oil Professional Crème Relaxer<br>☐ Namasté Salon System Triple Emulsion Relaxer<br>☐ Namasté Salon System Crème Relaxer<br>☐ Namasté Salon System Conditioning Sensitive Scalp No-Lye Relaxer<br>☐ Namasté Salon System Crème Relaxer Salon Trial Pack<br>☐ (Other (please specify): _____ |
| Revlon, Inc./Revlon Consumer Products Corporation/Revlon Group Holdings LLC/Revlon | ☒ African Pride – No Lye Relaxer Kit<br>☐ African Pride – No Base Relaxer<br>☐ African Pride – Multi Length Texturizer Kit<br>☐ African Pride – Dream Kids No Lye Relaxer Kit<br>☐ All Ways Natural – No Lye Conditioning Crème Relaxer Kit<br>☐ Arosci Aromaphoric Relaxer System<br>☐ Crème Of Nature Relaxer Cream<br>☒ Crème Of Nature Relaxer Kit Argan Oil<br>☐ Crème of Nature Herbarich Conditioning Crème Relaxer System Kit<br>☐ Crème of Nature Herbarich Conditioning Crème Relaxer and Texturizing System<br>☐ Crème of Nature Herbarich No Base Relaxer<br>☐ Crème of Nature No Base Relaxer<br>☒ Crème of Nature No Lye Relaxer<br>☐ Crème of Nature Sodium Relaxer Kit<br>☐ Crème Of Nature Cni No Lye Relaxer<br>☐ Crème Of Nature Cni Sunflower & Coconut Oil - Creme<br>☐ Crème Of Nature Eden Relaxer<br>☐ Fabulaxer No-Lye Relaxer<br>☐ Fabulaxer Gro-7<br>☐ Revlon Realistic No-Base Relaxer<br>☒ Revlon Realistic No Lye Relaxer Kit<br>☐ Other (please specify): |

| Strength of Nature, LLC | ☐ African Pride Olive Miracle Deep Conditioning Crème-on-Crème No Lye Relaxer 8 Salon Pack Touch-Ups<br>☐ African Pride Olive Miracle Deep Conditioning Curls & Coils Texturizer<br>☐ African Pride Olive Miracle Deep Conditioning Curls & Coils Texturizer With Aloe Deep Conditioner<br>☐ African Pride Olive Miracle Deep Conditioning No-Lye Relaxer One Complete Application<br>☐ African Pride Olive Miracle Deep Conditioning No-Lye Relaxer, One Complete Touch-Up<br>☐ African Pride Shea Miracle Texture Softening Elongating System<br>☐ African Pride Dream Kids Olive Miracle (4) Touch-Up Relaxer Kit<br>☐ African Pride Dream Kids Olive Miracle Relaxer<br>☐ African Pride Dream Kids Olive Miracle Touch-Up Relaxer Kit<br>☐ Dr. Miracle's No Lye Relaxer Kit<br>☐ Dr. Miracle's New Growth No-Lye Relaxer Kit<br>☐ Elasta QP Normal Relaxer Kit<br>☐ Elasta QP Normal Relaxer Kit 2 Applications<br>☐ Elasta QP Resistant Relaxer Kit<br>☐ Elasta QP Sensitive Scalp Kit 12 Application Economy Pack<br>☐ Elasta QP Sensitive Scalp Kit – 4 Applications<br>☐ Elasta QP No Base Crème Relaxer<br>☐ Elasta QP SOY OYL No-Base Relaxer<br>☐ Elasta QP SOY OYL 4 Application Anti-Dryness No Lye Relaxer Kit<br>☐ Elasta QP No-Base Relaxer<br>☐ Elasta QP Extra Body No-Base Regular Relaxer<br>☐ Elasta QP Extra Body No-Base Super Relaxer<br>☐ Gentle Treatment No-Lye Relaxer Gray Kit<br>☐ Gentle Treatment No-Lye Relaxer<br>☐ Just For Me Relaxer 1 Complete Touch Up Relaxer<br>☐ Just For Me 4 Application Salon Pack Relaxer<br>☐ Just For Me No-Lye Conditioning Crème Relaxer Kit<br>☐ Just For Me No-Lye Conditioning Crème Relaxer Kit with Coil & Curl Cream<br>☐ Just For Me No-Lye Conditioning Crème Relaxer Kit (Super) with Oil Moisturize Lotion<br>☐ Just For Me No-Lye Texture Softener System<br>☐ Just For Me No-Lye Texture Softener System with Hair & Scalp Butter<br>☐ Motions Classic Formula Smooth & Silken Hair Relaxer |
|---|---|

|  | ☐ Motions Professional 12-Application Salon Pack |
|  | ☒ Motions Silkening Shine No Lye Relaxer Kit |
|  | ☐ Profectiv MegaGrowth Anti-Damage No-Lye Relaxer 2 Touch Up Application |
|  | ☐ Profectiv MegaGrowth Anti-Damage No-Lye Relaxer 1 Complete Touch Up Application |
|  | ☐ Profectiv Procision Relaxer Kit Regular |
|  | ☐ Profectiv Relax and Refresh Kit Auburn Spice |
|  | ☐ Profectiv Relax and Refresh Kit Cherry Fusion |
|  | ☐ Profectiv Relax and Refresh Kit Jet Black |
|  | ☐ Profectiv Relax and Refresh Kit Mahogany Brown |
|  | ☐ Profectiv Relax and Refresh Kit Silky Black |
|  | ☐ Pro-Line Comb Thru Texturizer Kit |
|  | ☐ SmartPerm No-Lye Anti-Breakage Relaxer System |
|  | ☐ SmartPerm No-Lye Anti-Breakage New Growth Relaxer System, Smart Grow Stimulator |
|  | ☐ SmartPerm Smart Valu No-Lye Anti-Breakage Relaxer Kit, 4 Applications |
|  | ☐ Smart Perm Smart Valu Smart Gro Stimulator New Growth No-Lye Relaxer with GroRehab 4 Applications |
|  | ☐ S&B® Botanicals™ 2 Application Relaxer |
|  | ☐ S&B® Botanicals™ No-Lye Sensitive Scalp Relaxer, 1-App |
|  | ☐ S&B® Botanicals™ No-Mix Texturizer 2-App, with Deep Conditioner |
|  | ☐ S&B® Botanicals™ No-Mix Texturizer 2-App |
|  | ☐ S&B® Botanicals™ Relaxer 8-Touch Up |
|  | ☐ Soft & Beautiful No-Lye Crème Relaxer |
|  | ☐ Soft & Beautiful No-Lye Ultimate Conditioning Relaxer System |
|  | ☒ TCB Naturals Conditioning Argan Oil Vitamin E & Olive No-Lye Relaxer |
|  | ☐ TCB Naturals Conditioning Argan Oil Vitamin E & Olive No-Lye, 2 Applications |
|  | ☐ TCB No-Base Crème Hair Relaxer with Protein & DNA |
|  | ☐ UltraSheen Supreme Conditioning No-Lye Relaxer |
|  | ☐ UltraSheen Ultra Moisturizing No-Lye Relaxer |
|  | ☐ UltraSheen Ultra Moisturizing No-Lye Relaxer, with Keratin |
|  | ☐ Other (please specify): |

**ANSWER:**

L'Oréal USA denies that any of the listed products manufactured, distributed, or sold by

it caused Plaintiff's injuries. L'Oréal USA further denies the sufficiency of Plaintiff's product identification and reserves all rights related thereto. L'Oréal USA denies that Plaintiff's purported injuries were in any way caused by her alleged use of hair relaxer products. L'Oréal USA denies that it made any misrepresentations. L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis, denies them.

7.      Other manufacturer(s)/product(s) used by Plaintiff not identified above:  ___.

**ANSWER:**

L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 7 so as to admit or deny them, and on that basis, denies them.

8.      Plaintiff's use of Defendant(s) hair relaxer product(s) caused serious injuries and damages including but not limited to the following:

| | |
|---|---|
| ☐ | Uterine Cancer |
| ☐ | Endometrial Cancer |
| ☒ | Ovarian Cancer |
| ☐ | Other injuries and/or additional details specify: |

**ANSWER:**

L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 8 so as to admit or deny them, and on that basis, denies them.

9. Approximate date of diagnosis (injuries), if applicable at this time, that forms the basis of Plaintiff's claims: 2015.

**ANSWER:**

L'Oréal USA denies that Plaintiff's purported injuries were in any way caused by her alleged use of hair relaxer products. L'Oréal USA denies that it made any misrepresentations. L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis, denies them.

### CAUSES OF ACTION AND THEORIES OF RECOVERY ADOPTED AND INCORPORATED IN THIS LAWSUIT

10. Plaintiff hereby adopts and incorporates by reference as if set forth fully herein, all common factual allegations contained in paragraphs 1 through 114 of the Master Long Form Complaint on file with the Clerk of the Court for the United States District Court for the Northern District of Illinois in the matter entitled *In Re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3060.

**ANSWER:**

L'Oréal USA reasserts and incorporates by reference, as if fully set forth herein, its defenses and responses to paragraphs 1 through 114 of its Answer to Plaintiff's Master Long Form Complaint and Demand for Jury Trial. L'Oréal USA denies any allegations contained therein that are inconsistent with the responses herein or that assert liability, wrongdoing, or causation as to L'Oréal USA. L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 10 so as to admit or deny them, and on that basis, denies them. L'Oréal USA further denies that Plaintiff is entitled to adopt any claims not individually pled with particularity as to L'Oréal USA.

11. Plaintiff hereby adopts and incorporates by reference as if set forth fully herein,

the following Causes of Action and the Prayer for Relief within the Master Long Form Case:

Complaint on file with the Clerk of the Court for the United States District Court for the

Northern District of Illinois in the matter entitled *In Re: Hair Relaxer Marketing, Sales*

*Practices, and Products Liability Litigation*, MDL No. 3060

| | | |
|---|---|---|
| ☒ | Count I – Negligence and/or Gross Negligence |
| ☒ | Count II – Negligent Misrepresentation |
| ☒ | Count III – Negligence *Per Se* |
| ☒ | Count IV – Strict Liability: Design Defect |
| ☒ | Count V – Strict Liability – Failure to Warn |
| ☒ | Count VI - Breach of Implied Warranty of Merchantability/ Fitness for a Particular Use |
| ☒ | Count VII - Breach of Express Warranty under state law and the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301 et seq. |
| ☒ | Count VIII – Fraud/Fraudulent Misrepresentation |
| ☒ | Count IX – Fraudulent Concealment |
| ☒ | Count X - U.S. State and Territory Statutory Consumer Protection and Unfair or Deceptive Trade Practices Claims |
| ☒ | Count XI – Unjust Enrichment |
| ☐ | Count XII – Wrongful Death |
| ☐ | Count XIII – Survival Action |
| ☐ | Count XIV – Loss of Consortium |
| ☒ | Count XV – Punitive Damages |
| ☐ | Other Causes of Action: |

**ANSWER:**

L'Oréal USA reasserts and incorporates by reference, as if fully set forth herein, its

responses to paragraphs 115 through 281 of its Answer to Plaintiff's Master Long Form

Complaint and Demand for Jury Trial, as well as its affirmative defenses asserted thereto.

L'Oréal USA denies any allegations contained therein that are inconsistent with the responses

herein or that assert liability, wrongdoing, or causation as to L'Oréal USA.  L'Oréal USA is

without sufficient knowledge or information to form a belief as to the truth or falsity of the

remainder of the allegations in paragraph 11 so as to admit or deny them, and on that basis,

denies them.  L'Oréal USA further denies that Plaintiff is entitled to adopt any claims not

individually pled with particularity as to L'Oréal USA.

12.    Consortium Claim(s) (if applicable): The following individual(s) allege(s) damages for loss of consortium: _____.

**ANSWER:**

L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 12 so as to admit or deny them, and on that basis, denies them.  To the extent any claim for consortium, survival, or wrongful death is later asserted, L'Oréal USA reserves all rights to challenge such claims on procedural and substantive grounds.

13.    Survival and/or Wrongful Death Claim(s) (if applicable):  The following individual(s) allege(s) damages for survival and/or wrongful death: _____.

**ANSWER:**

L'Oréal USA is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13 so as to admit or deny them, and on that basis, denies them.  To the extent any claim for consortium, survival, or wrongful death is later asserted, L'Oréal USA reserves all rights to challenge such claims on procedural and substantive grounds.

**DEFENSES**

L'Oréal USA asserts the following defenses to the allegations and claims in the Complaint. All defenses asserted herein are pled in the alternative.  No defense asserted herein constitutes an admission that L'Oréal USA is liable to any Plaintiff, that any Plaintiff has suffered or will suffer injury, that Plaintiff is relieved of her burden to prove each element of each claim, or that Plaintiff is entitled to any relief whatsoever.

Subject to those limitations, and without assuming any burden of proof that it would not otherwise bear, L'Oréal USA hereby asserts the following defenses to the Complaint and each and every allegation therein as to the claims of Plaintiff. L'Oréal USA may also assert other defenses that become available or appear during the course of additional investigation or discovery in this case. L'Oréal USA reserves the right to amend this Answer, including to assert any such additional defenses.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiff's Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief may be granted. The Complaint fails to articulate facts supporting any of the claims alleged. Plaintiff has not alleged facts supporting any finding that she was injured in any way by L'Oréal USA's conduct. Plaintiff fails to specifically identify a defect in any L'Oréal USA product that she used which may have contributed to her injury. Plaintiff fails to identify a single representation made by L'Oréal USA regarding a product that she purchased. The Complaint fails to state a single claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Federal Preemption)**

All of Plaintiffs' claims are expressly preempted by federal law. 21 U.S.C. § 379s(a); 21 C.F.R. § 701.3(a), (l). To the extent Plaintiff's claims, including but not limited to those brought under state consumer protection laws such as the Ohio Consumer Sales Practices Act ("CSPA"), attempt to impose such additional or different requirements, they are barred. Ohio Rev. Code Ann. § 1345.02; *see PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011); *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *White v. Medtronic, Inc.*, 808 F. App'x 290, 296 (6th Cir. 2020) (affirming preemption of negligence and negligence *per se* claims under the Food, Drug, and Cosmetic Act).

15

L'Oréal USA preserves this defense as to all present and future claims brought under any state's consumer protection or labeling laws, and as to any theory of liability that conflicts with or supplements federal labeling standards for FDA-regulated products.

### THIRD AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

Plaintiff's Complaint, and each claim for relief therein, is barred by the applicable statutes of limitations. *See* Ohio Rev. Code Ann. § 2305.10 (two-year limitations period for product liability, personal injury, negligence, and strict liability claims); Ohio Rev. Code Ann. § 1302.98 (four-year limitations period for breach of express or implied warranty, running from the date of breach, regardless of knowledge); Ohio Rev. Code Ann. § 2305.09 (four-year limitations period for fraud and misrepresentation); Ohio Rev. Code Ann. § 1345(C) (two-year limitations period for consumer protection claims). To the extent Plaintiff's claims accrued outside these statutory periods, they are time-barred as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE
#### (Statute of Repose)

Plaintiff's Complaint, and each cause of action alleged therein, is barred by the applicable statute of repose. Under Ohio law, product liability actions must be brought within ten years from the date the defendant sold the product. *See* Ohio Rev. Code Ann. §§ 2125.02(D)(2)(a), 2305.10(C)(1). To the extent Plaintiff's claims are based on product use outside this repose period, they are time-barred as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE
#### (Lack of Standing)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff lacks standing to pursue one or more claims in the Complaint, including those for injunctive relief, medical monitoring, restitution, or damages based on speculative or future harm. Article III and Ohio law require a concrete, particularized, and actual or imminent injury. Article III and

Ohio law require a concrete, particularized, and actual or imminent injury. *See Cronin v. Governor of Ohio*, 186 N.E.3d 851, 856 (Ohio Ct. App. 2022). Plaintiff alleges none.

To the extent Plaintiff seeks relief under state consumer protection statutes, such claims are independently barred for failure to allege actual , as required under the CSPA. *See* Ohio Rev. Code Ann. § 1345.01, *et seq*. Because Plaintiff fails to allege a present, non-speculative injury under either federal or state law, these claims are nonjusticiable and must be dismissed.

### SIXTH AFFIRMATIVE DEFENSE
### (No Duty to Disclose)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because L'Oréal USA had no legal duty to disclose any material fact. Under Ohio law, a duty to disclose arises only where the defendant had actual knowledge of a material fact, failed to disclose it with the intent to induce the consumer into a transaction, and the consumer would not have entered into the transaction had the information been disclosed. *See* Ohio Rev. Code Ann. § 2307.71, *et seq*. Mere nondisclosure is insufficient; actionable nondisclosure under the CSPA requires proof of actual knowledge and intent to induce. *McCullough v. Spitzer Motor Ctr., Inc*., 671 N.E.2d 306, 307 (1996).

L'Oréal USA did not conceal or omit any fact it was legally obligated to disclose and denies having any duty to disclose under the CSPA or Ohio common law.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Identify Product)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff has failed to identify any specific product manufactured, distributed, or sold by L'Oréal USA that allegedly caused her injuries.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Reliance)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff

did not actually or reasonably rely on any statement, representation, or omission made by, or attributable to, L'Oréal USA. Reliance is a required element of any fraud or misrepresentation claim under Ohio law. *Malek v. eResearch Tech., Inc.*, 199 N.E.3d 573, 580 (Ohio Ct. App. 2022). Plaintiff has not alleged, and cannot establish, actual or reasonable reliance on any conduct by L'Oréal USA.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Allege Actual Injury or Damages)

Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent Plaintiff has failed to allege any actual injury, damage, or loss proximately caused by L'Oréal USA.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud with Particularity – Fed. R. Civ. P. 9(b))

Plaintiff's fraud-based claims, including those premised on product labeling, advertising, and marketing, are deficient as a matter of law. Under Federal Rule of Civil Procedure 9(b), fraud must be pleaded with particularity. The Sixth Circuit imposes a strict standard: Plaintiffs must allege the "who, what, when, where, and how" of the alleged misconduct. *United States ex rel. Martin v. Hathaway*, 63 F.4th 1043, 1048 (6th Cir.). Vague, generalized assertions are not enough. *See In re TransDigm Grp., Inc. Sec. Litig.*, 440 F. Supp. 3d 740, 763 (N.D. Ohio 2020).

Here, Plaintiff offers no details as to which L'Oréal USA product she used, when or how often she used it, what specific representation she relied on, who made that representation, or how it caused her alleged injury. This failure is dispositive. Accordingly, L'Oréal USA asserts this defense and expressly reserves its right to seek dismissal of all fraud-based claims under Rule 12(b)(6).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's Complaint, and each claim for relief therein, is barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff, by her own conduct, has waived each of the claims alleged in the Complaint and, as a consequence thereof, Plaintiff is barred from seeking the relief sought, or any relief whatsoever.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped by reason of her own conduct from recovering on the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (State of the Art Evidence)

Although not a true affirmative defense under Ohio law, "state of the art" evidence is nonetheless admissible to rebut allegations of defectiveness and to show that a safer alternative design was not feasible at the time of manufacture. *See Steinfurth v. Armstrong World Indus*., 500 N.E.2d 409, 411 (Ohio Com. Pl. 1986); *Waddell v. Clark Control Co*.., 1980 WL 354436, at *2 (Ohio Ct. App. 1980).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

Plaintiff's Complaint, and each claim for relief therein, is barred because her injuries, if any, were sustained by voluntarily and unreasonably proceeding to encounter a known risk.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

Plaintiff's claims are barred or diminished under Ohio's modified comparative fault regime. Plaintiff's own negligence in using the products at issue was a substantial factor in causing the alleged injuries. Under Ohio law, a plaintiff found fifty-one percent or more at fault

recovers nothing. *See* Ohio Rev. Code Ann. § 2315.33. Even where fault is below that

threshold, damages must be reduced in proportion to the plaintiff's share. *Id.* Responsibility is

also allocated among all parties and designated responsible third parties, whether or not they are

joined in the action. Ohio Rev. Code Ann. § 2307, *et seq.*

<div align="center">

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Apportionment)**

</div>

If Plaintiff sustained any injuries or incurred the expenses as alleged, which L'Oréal USA

expressly denies, said injuries or expenses were directly and proximately caused by the

negligence or fault of third parties beyond L'Oréal USA's control, including individuals or

entities not named in the Complaint. L'Oréal USA neither supervised nor bore responsibility for

their conduct, and cannot be held liable for their acts or omissions. Any recovery must be

apportioned accordingly. *See* Ohio Rev. Code Ann. §§ 2315.33, 2307, *et seq.*

<div align="center">

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Unforeseeable Product Misuse)**

</div>

Plaintiff's Complaint, and each cause of action alleged therein, is barred because she

misused or altered the alleged products in a manner that was not reasonably foreseeable to

L'Oréal USA.

<div align="center">

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Sophisticated User)**

</div>

Plaintiff's Complaint, and each claim for relief alleged therein, is barred to the extent the

alleged risks were open and obvious or known to Plaintiff based on her background, experience,

or training. Where the foreseeable user is experienced with the product or its category, courts

have found no duty to warn of risks that are apparent through prior use. A plaintiff's own

knowledge of a potential hazard also severs the causal chain.

Accordingly, L'Oréal USA had no duty to warn Plaintiff of risks that were known or

should have been known to her, and any alleged failure to warn was not the producing cause of

<div align="center">

20

</div>

her injuries.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Learned Intermediary)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because L'Oréal USA provided reasonable and adequate warnings to learned intermediaries, relieving L'Oréal USA of further duty to warn under applicable law. *Vaccariello v. Smith & Nephew Richards, Inc.*, 763 N.E.2d 160, 164 (Ohio 2002).

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Utility Outweighs Risk of Harm)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because the utility of any product allegedly at issue outweighs any purported risks. Any product Plaintiff may be referring to satisfied those standards, and its benefits outweighed any purported risk.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No General or Specific Causation)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because her alleged injury was the result of an intervening and/or superseding cause.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Intervening/Superseding Cause)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because her alleged injury was the result of an intervening and/or superseding cause.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Market Share or Alternative Liability)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred to the extent it seeks to impose liability without identifying L'Oréal USA as the manufacturer of the specific product that allegedly caused harm. Ohio has expressly rejected market share liability, alternative liability, or other collective theories in product liability actions. *See Sutowski v. Eli Lilly & Co.*, 354, 696 N.E.2d 187, 192 (Ohio 1998) ("Ohio common law embraces the

fundamental principle of tort law that a plaintiff must prove that the negligence of a particular

defendant caused injury.").  Absent proof that L'Oréal USA supplied the product at issue and

that it was a producing cause of Plaintiff's alleged injuries, the claims fail as a matter of law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Regulatory Compliance)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred to the extent

L'Oréal USA acted in conformity with applicable federal safety regulations and the prevailing

scientific, technical, and industry knowledge at the time the product was manufactured, labeled,

or sold.  Under Ohio law, if the product's design, labeling, or formulation complied with

mandatory federal safety standards that governed the specific product risk at issue, L'Oréal USA

is entitled to a rebuttable presumption that the product is not defective.  *See* Ohio Rev. Code

Ann. §§ 2307.80(c), 3717-1.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(No Express Warranty)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff

failed to identify misrepresentations in connection with any purchase of alleged products and

therefore no such statements exist for the basis of any bargain.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(Lack of Privity for Warranty Claims)**

To the extent Plaintiff seeks to recover purely economic loss for alleged breaches of

warranties, her claims are barred for lack of privity.  Under Ohio law, privity of contract is

required for warranty claims involving solely economic damages.  *See Caterpillar Fin. Servs.*

*Corp. v. Harold Tatman & Son's Ents., Inc.*, 50 N.E.3d 955, 962 (Ohio Ct. App. 2015).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(No Timely Notice)**

To the extent Plaintiff failed to provide timely pre-suit notice of any alleged breach of

warranty or consumer-related claim, recovery is barred.  *See Caterpillar Fin. Servs. Corp.*, 50

N.E.3d at 962.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

To the extent Plaintiff has sustained damages, Plaintiff has contributed in a direct and proximate manner to the same by failing to act reasonably and prudently to mitigate her damages. Plaintiff's damages, if any, must be reduced by the extent to which those damages were proximately caused by Plaintiff's failure to mitigate her own damages.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Economic Loss Rule)

To the extent Plaintiff seeks recovery for purely economic loss, the Complaint fails. Plaintiff alleges no personal injury or property damage, and Ohio law bars tort-based claims for economic loss absent a recognized exception. None is pleaded here. *See Fed. Ins. Co. v. Fredericks*, 29 N.E.3d 313, 321 (Ohio Ct. App 2015).

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

Plaintiff's claims are barred by the doctrine of primary jurisdiction. Plaintiff's claims are premised on the allegation that L'Oréal USA's hair-relaxer products were not safe and effective. Plaintiff's allegations necessarily implicate medical and scientific issues that are outside the conventional experience of judges and/or jurors and particularly within the expertise, discretion, and regulatory authority of the United States Food and Drug Administration ("FDA"). Judicial resolution of these claims without input from the FDA risks conflicting standards and improper interference with the agency's exclusive authority. Courts routinely defer such matters to the FDA under the doctrine of primary jurisdiction. *See Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 547 F. Supp. 2d 939, 944 (E.D. Wis. 2008) (declining to adjudicate labeling claim where doing so would require interpreting FDA regulations and intrude on agency authority).

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff is not entitled to punitive damages. No act or omission by L'Oréal USA was malicious, willful, reckless, or undertaken with fraudulent or outrageous intent. There is no clear and convincing evidence, nor any well-pled allegation, that meets the high threshold for punitive damages under Ohio law. *See* Ohio Rev. Code Ann. § 2315.21(C)(1); *Robinson v. Parker-Hannifin Corp.*, 447 N.E.2d 781, 783 (Ohio Com. Pl. 1982). Any award of punitive damages would violate the Fifth and Fourteenth Amendments of the U.S. Constitution and the due process limitations set forth by the Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Preservation of Choice-of-Law and Time-Bar Defenses Across Jurisdictions)

To the extent Plaintiff resided in, purchased, or used the products at issue in multiple states, or seeks relief under the laws of any state other than Ohio, L'Oréal USA expressly preserves all applicable defenses under the statutes of limitations and statutes of repose of those jurisdictions, including but not limited to those governing product liability, personal injury, consumer protection, fraud, breach of warranty, and unjust enrichment claims. This includes any time bars or repose periods under the laws of the forum state, Plaintiff's state of injury, state of residence, or state of product exposure. No statement in this Answer shall be construed as a waiver of any choice-of-law defense or as a concession that Ohio law governs any or all of Plaintiff's claims.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Incorporation of Master Defenses)

L'Oréal USA adopts and incorporates by reference each and every affirmative defense asserted in its Answer to the Master Long Form Complaint in this MDL as though fully set forth herein. These defenses are asserted to preserve all available arguments and objections applicable

to the claims and allegations in Plaintiff's Short Form Complaint, including those that may become more fully developed as this litigation progresses.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred by the doctrine of unclean hands. To the extent Plaintiff engaged in inequitable, misleading, or improper conduct relating to the claims asserted, such conduct forecloses the equitable relief sought. Equity does not aid those who come to court with unclean hands, and Plaintiff cannot obtain relief where fairness has been compromised by their own conduct.

### DEMAND FOR JURY TRIAL

L'Oréal USA hereby demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Short Form Complaint, L'Oréal USA prays that it be discharged without liability, with all costs of this action cast upon Plaintiff, and that it be given a trial by jury as to all proper causes of actions and issues in this case.

Dated: June 9, 2025

Respectfully submitted,

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
Ellis George LLP
2121 Avenue of the Stars, Suite 3000
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@ellisgeorge.com
kmurray@ellisgeorge.com
spolatoglu@ellisgeorge.com

Jonathan Blakley (6308603)
Gordon Rees Scully Mansukhani LLP
1 N. Franklin St., Suite 800
Chicago, IL 60606

T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos (68465)
Gordon Rees Scully Mansukhani LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc.;*
*L'Oréal USA Products, Inc.; and SoftSheen-*
*Carson LLC*